## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ASSIA BOUNDAOUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION | ) | |
| and UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 against defendant the Federal Bureau of Investigation ("FBI") and the U.S. Department of Justice ("DOJ") (collectively, "the Defendants"), for declaratory, injunctive, and other appropriate relief, seeking the expedited processing and release of records improperly withheld by the Defendants in response to a request properly made by Plaintiff Assia Boundaoui.

## INTRODUCTION

Throughout the 1990s and 2000s, Arab American neighborhoods just outside of Chicago were subject to widespread surveillance as part of one of the largest anti-terrorism investigations ever conducted in the United States before 9-11. That investigation, which was code-named "Operation Vulgar Betrayal," is now the subject of Plaintiff's investigative journalism and a feature-length documentary film entitled, "The Feeling of Being Watched." The documentary, which is scheduled for release in 2018, follows Plaintiff's journey to uncover why her community fell under blanket government surveillance, and why the community feels even more targeted today.

On September 30, 2016, Plaintiff submitted a FOIA request (the "Request") to Defendants seeking the release of FBI records concerning the criminal investigation file of Operation Vulgar Betrayal. Plaintiff sought expedited processing and a waiver of fees.

Defendants denied both requests and set a production timetable of more than *three years* for the release of the relevant records.

There is a strong public interest in the release of these records. Members of the Arab and Muslim American communities affected directly by the surveillance, and Americans of all backgrounds, have an urgent need to understand the broad scope of these investigations spurred by policies that profiled entire communities based on religion and ethnicity. The harm these decades-long investigations have had on these neighborhoods is profound. They have transformed communities into places where neighbors distrust one another, where citizens censor themselves for fear of government monitoring, and where people live with an unhealthy dose of fear and paranoia. The records will help cast light on fundamental rights to privacy in the United States. Plaintiff is entitled to immediate processing of the Request and timely release of Defendants' records.

**PARTIES**

1.      Plaintiff Assia Boundaoui, a resident of Chicago, Illinois, is an internationally recognized journalist and documentary filmmaker, and has experience in both reporting and producing for a variety of news and media outlets including, CNN, BBC, Vice Media, and HBO Films. Since receiving a Masters Degree in Journalism from New York University's Graduate School of Arts and Sciences in 2011, Plaintiff has dedicated her work to informing the public regarding government policies on homeland security and government oversight.

2.      Defendant FBI is a component of the DOJ. It is headquartered in Washington, D.C. and has field offices throughout the country, including Chicago, Illinois.

3.      Defendant DOJ is a Department of the Executive Branch of the U.S. Government and a federal agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 552a(a)(1). The DOJ is headquartered in Washington, D.C.

**JURISDICTION AND VENUE**

4.      This Court has both subject matter jurisdiction of this FOIA claim and personal

jurisdiction over the parties pursuant to 5 U.S.C. §§ 552 (a)(4)(A)(vii), (a)(4)(B), and

(a)(6)(E)(iii); 28 U.S.C. § 1331; and 5 U.S.C. §§ 701-06.

5.      Venue in the Northern District of Illinois is proper under 5 U.S.C. § 552(a)(4)(B).

## STATEMENT OF FACTS

6.      Throughout the 1990s and 2000s, Arab American neighborhoods just outside of

Chicago were subject to widespread surveillance as part of one of the largest anti-terrorism

investigations ever conducted on U.S. soil before 9-11.  The investigation, code-named

"Operation Vulgar Betrayal," is the subject of Plaintiff's investigative journalism and a feature-

length documentary film entitled "The Feeling of Being Watched."

### FOIA Request

7.      On September 26, 2016, Plaintiff Ms. Boundaoui submitted an electronic FOIA

request to the DOJ's Office of Legal Counsel seeking:  "[t]he main file and all sub-files for the

criminal investigation codenamed Operation Vulgar Betrayal, 265-CG-101942, which began

around 1995," as well as "all files related to the intelligence investigation associated with" the

Operation, "[a]ll files related to the investigation that continued the work of 265-CG-101942 in

the 2000's[,] [a]ll photographic, video, and audio media associated with this investigation . . .

[and] any and all DD5 formal write-ups of investigative work done by FBI agents pursuing the

case."

8.      Ms. Boundaoui's FOIA application also included a request for expedited

processing and a fee waiver.  In her request for expedited processing, Ms. Boundaoui informed

the DOJ that, as "a journalist and documentary filmmaker," she "urgently need[s] [the requested]

documents to inform the public about homeland security policies and enforcement methods of

terrorism investigations in the 1990s and 2000s."

### The Defendants' Response to the Request

9.      On September 30, 2016, the DOJ denied Ms. Boundaoui's request for expedited

processing, alleging that she "ha[d] not provided enough information concerning the statutory

3

requirements for expedition" because she did not "provide[] a compelling argument explaining why the public needs information on [Operation Vulgar Betrayal] immediately."

10.     In support of her request for a fee waiver, Ms. Boundaoui explained to the DOJ that the public would benefit from information regarding Operation Vulgar Betrayal, as the "investigation pertained to matters of national and homeland security," and Ms. Boundaoui was "engaged in informing the public regarding government policies on homeland security, and the enforcement of these policies."

11.     On October 14, 2016, the DOJ denied Ms. Boundaoui's fee waiver request on the grounds that she "failed to demonstrate . . . that the requested information is in the public interest" because "[t]he disclosure of [the requested] information would not contribute to the understanding of a reasonably broad audience of persons interested in the subject," and because Ms. Boundaoui allegedly did "not demonstrate[] [her] expertise in the subject area, [her] ability, and/or [her] intention to effectively convey the information to the public."

<u>Plaintiff's Administrative Appeal</u>

12.     On October 18, 2016, Ms. Boundaoui filed an administrative appeal of the DOJ's denial of her requests for expedited processing and a fee waiver.

13.     The administrative appeal for expedited processing was denied on October 27, 2016 for the purported failure to "establish[] that the requested records are a matter of current exigency to the American public" as a reason for the denial.  The DOJ did not address Ms. Boundaoui's fee waiver appeal at that time.

14.     On November 10, 2016, Ms. Boundaoui contacted the FOIA Public Liaison Office via email to solicit a response to her fee waiver appeal but did not receive a response.

15.     On November 15, 2016, Ms. Boundaoui spoke with a representative from the FBI, who informed her that it would take approximately *three years and three months* to process the documents she sought in her FOIA request, and suggested that she contact the FBI's Records Management Division to discuss reducing the scope of her request.

16.     On December 20, 2016, Ms. Boundaoui sent a letter to the FBI Records Management Division requesting an opportunity to address scoping issues related to her FOIA request.  Ms. Boundaoui did not receive a response to the request.

17.     By the terms of 5 U.S.C. § 552(a)(6)(A), the time in which the DOJ was required to respond to Ms. Boundaoui's fee waiver appeal has expired.  As a result, Ms. Boundaoui is deemed to have exhausted her administrative remedies regarding her FOIA fee waiver request.  5 U.S.C. § 552(a)(6)(C)(i).

18.     On April 24, 2017, counsel, on behalf of Ms. Boundaoui, contacted the DOJ's Office of Information Policy seeking to address scoping issues relating to Ms. Boundaoui's original request, and to suggest reaching an agreement whereby the Defendants could produce the requested documents on an expedited, but rolling basis.

19.     On May 8, 2017, the FBI contacted Ms. Boundaoui indicating its willingness to move forward with her FOIA request, subject to certain limitations.  Again, the FBI indicated that it would *not* expedite Ms. Boundaoui's original request and that it would take approximately three years to process the requested documents.  The FBI suggested that Ms. Boundaoui accept a production of documents that had already been made available to the public, and consider narrowing the scope of her request, such that a subset of her request could be produced on the "medium track" speed.

20.     On May 19, 2017, the DOJ's Office of Information Policy mailed a letter to counsel confirming its original decision denying Ms. Boundaoui's October 2016 appeal with regard to her expedited processing claim, and opening a "new appeal" file regarding Ms. Boundaoui's October 2016 fee waiver appeal.

21.     On May 23, 2017, counsel acting on behalf of Ms. Boundaoui, contacted the FBI and reiterated its interest in obtaining all of the documents Ms. Boundaoui originally requested, but suggested that the documents be prioritized in a manner amenable to both parties.

22.     On May 25, 2017, the FBI sent an email stating that Ms. Boundaoui's request

would only be placed on a "moderate track" processing schedule if she limited the scope of her request to three files (out of a minimum 19 total files). Simultaneously, she would be required to close out her original requests for the remaining files, with the option of filing new FOIA requests in the future. The FBI stated that the documents contained in the initial three files would still take approximately seven months to produce.

23.     The DOJ has unjustifiably neglected Ms. Boundaoui's fee waiver appeal and wrongfully delayed release of the records sought by her. There is a substantial public interest in the timely disclosure of the documents requested. The DOJ's refusal to release this information and address Ms. Boundaoui's appeal claim in a timely manner constitutes an abuse of the DOJ's discretion.

## CAUSES OF ACTION

### COUNT I

24.     Ms. Boundaoui repeats and realleges the allegations contained in the foregoing paragraphs as though fully set forth herein.

25.     Defendants' failure to timely respond to Plaintiff's fee waiver appeal violates FOIA, 5 U.S.C. § 552(a)(6)(A), and Defendants' corresponding regulations.

26.     Defendants' failure to grant Plaintiffs' request for a fee waiver violates FOIA, 5 U.S.C. § 552(a)(4)(A)(iii).

### COUNT II

27.     Ms. Boundaoui repeats and realleges the allegations contained in paragraphs 1 through 23 above, inclusive.

28.     Defendants are an agency and component thereof subject to FOIA, 5 U.S.C. § 552(f), and must therefore release in response to a FOIA request any disclosable records in their possession at the time of the request and provide a lawful reason for withholding any materials as to which they claim an exemption, under 5 U.S.C. § 552(a)(3).

29.     Ms. Boundaoui has a legal right under FOIA to obtain the agency records she

requested on September 26, 2016, and there exists no legal basis for the DOJ's failure to make available these records in a timely manner.

30.     The DOJ's failure to make promptly available the records sought by Ms. Boundaoui's request violates FOIA, 5 U.S.C. § 552(a)(3)(A) and applicable regulations promulgated thereunder.

COUNT III

31.     Ms. Boundaoui repeats and realleges the allegations contained in paragraphs 1 through 23 above, inclusive.

32.     Defendants' failure to grant Plaintiff's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and applicable regulations promulgated thereunder.

COUNT IV

33.     Ms. Boundaoui repeats and realleges the allegations contained in paragraphs 1 through 23 above, inclusive.

34.     Defendants have wrongfully withheld agency records requested by Plaintiff. Plaintiff has constructively exhausted applicable administrative remedies with respect to Defendants' withholding of the requested records.  5 U.S.C. § 552(a)(6)(C)(i).

35.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff Ms. Boundaoui requests the Court award her the following relief:

1.     Declare that Defendants violated FOIA by failing to respond to Plaintiff's fee waiver appeal and subsequent communications;

2.     Order Defendants to immediately conduct a reasonable search for all responsive records and disclose the requested records to Plaintiff on an expedited basis at no cost, and enter an injunction prohibiting the Defendant from continuing to withhold the requested records from the public;

7

3.    Order Defendants to produce the records sought without the assessment of search fees;

4.    Award Ms. Boundaoui her reasonable costs and attorneys' fees incurred in this action;

5.    Grant such other relief as the Court may deem just and proper.


Dated: June 26, 2017

                            Respectfully submitted,



                            /s Patrick E. Croke_____
                            Patrick E. Croke
                            SIDLEY AUSTIN LLP
                            One South Dearborn
                            Chicago, IL 60603
                            Phone: (312) 853-7565
                            Fax:    (312) 853 7036
                            pcroke@sidley.com

                            Barry W. Rashkover (*pro hac vice forthcoming*)
                            Michael D. Mann (*pro hac vice forthcoming*)
                            Alexa Poletto (*pro hac vice forthcoming*)
                            SIDLEY AUSTIN LLP
                            787 Seventh Avenue
                            New York, New York 10019
                            Phone: (212) 839-5837
                            Fax:    (212) 839-5599
                            brashkover@sidley.com
                            mdmann@sidley.com
                            apoletto@sidley.com

                            *Counsel for Plaintiff*

8