IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASSIA BOUNDAOUI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-CV-04782 |
| | ) |
| FEDERAL BUREAU OF INVESTIGATION and UNITED STATES DEPARTMENT OF JUSTICE, | ) |
| | ) |
| Defendant. | ) |

**ANSWER**

Defendants United States Department of Justice ("Department") and the Federal Bureau of Investigation ("FBI"), through their undersigned attorneys, hereby respond to each numbered paragraph of the Complaint (ECF No. 1) as follows:

The introductory paragraphs constitute characterizations of this lawsuit to which no response is required.

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

2. Admit.

3. Admit.

4. This paragraph contains conclusions of law regarding the Court's jurisdiction to which no response is required.

5. This paragraph contains conclusions of law regarding venue to which no response is required.

6. The allegations in the first sentence of this paragraph do not set forth a claim for relief or aver facts in support of a claim to which a response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of this paragraph.

7. Defendants admit that Plaintiff submitted an electronic FOIA request to one of Defendant's components on September 26, 2017, but Defendants deny that the request was made to the Department's Office of Legal Counsel. Defendant avers that the electronic request was made to the FBI. The remaining allegations in this paragraph contains Plaintiff's characterization of her FOIA request to which no response is required. The Court is respectfully referred to Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with Plaintiff's FOIA request, the allegations in this paragraph are denied.

8. This paragraph contains Plaintiff's characterization of her application in her FOIA request for expedited processing and a fee waiver to which no response is required. The Court is respectfully referred to the Plaintiff's FOIA request for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the Plaintiff's FOIA request, the allegations in this paragraph are denied.

9. Defendants admit that the FBI by a letter dated September 30, 2016, denied Plaintiff's request for expedited processing. The remaining allegations in this paragraph contain Plaintiff's characterization of the letter to which no response is required. The Court is respectfully referred to the letter for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the cited letter, the allegations are denied.

10. This paragraph contains Plaintiff's characterization of her request for a fee waiver to which no response is required. The Court is respectfully referred to the request for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the Plaintiff's request, the allegations in this paragraph are denied.

11. Defendants admit that the FBI denied Plaintiff's fee waiver request by letter dated October 14, 2016. The remaining allegations in this paragraph contain Plaintiff's characterization of the letter. The Court is respectfully referred to the letter for a full and accurate statement of its contents. To the extent the Plaintiff's characterization is inconsistent with the cited letter, the allegations are denied.

12. Defendants admit that Plaintiff filed an administrative appeal to Department's Office of Information Policy ("OIP") by letter dated October 18, 2016. The remaining allegations in this paragraph contain Plaintiff's characterization of her appeal to which no response is required. The Court is respectfully referred to the letter for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the cited letter, the allegations are denied.

13. Defendants admit that by letter dated October 27, 2016, the OIP denied Plaintiff's appeal and affirmed the FBI's denial of Plaintiff's request for expedited processing. The remaining allegations in this paragraph contain Plaintiff's characterization of OIP's decision regarding Plaintiff's appeal to which no response is required. The Court is respectfully referred to OIP's letter of October 27, 2016 for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the cited decision, the allegations are denied.

14. Admit.

15. Admit.

16. Defendants admit that Plaintiff sent a letter to the FBI's Records Management Division on December 20, 2016. The remaining allegations in this paragraph contain Plaintiff's characterization of that letter. The Court is respectfully referred to the letter for a full and accurate statement of its contents. To the extent that Plaintiff's characterization is inconsistent with the cited letter, the allegations are denied.

17. This paragraph contains conclusions of law to which no response is required.

18. Defendants admit that Plaintiff's counsel sent OIP a letter dated April 24, 2017. The remaining allegations contain Plaintiff's characterization of the letter to which no response is required. The Court is respectfully referred to the letter for a full and accurate statement of its contents. To the extent that Plaintiff's characterization is inconsistent with the cited letter, the allegations are denied.

19. Admit.

20. Defendants admits that OIP mailed a letter to Plaintiff on May 19, 2017. Defendants aver that the letter was inadvertently dated March 19, 2017. The Court is respectfully referred to the OIPs letter for a full and accurate statement of its contents.

21. Admit.

22. Defendants admit that the FBI sent an email to Plaintiff on May 25, 2017. The Court is respectfully referred to the email for a full and accurate statement of its contents. To the extent Plaintiff's characterization is inconsistent with the letter, the allegations are denied.

23. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

24. This paragraph repeats by reference the allegations in paragraphs 1-23; to the extent a response is deemed required, Defendants incorporate by reference their responses to paragraphs 1-23.

25. This paragraph contains conclusions of law to which no response is required.

26. This paragraph contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

27. This paragraph repeats by reference the allegations in paragraphs 1-26; to the extent a response is deemed required, Defendants incorporate by reference their responses to paragraphs 1-26.

28. This paragraph contains conclusions of law to which no response is required.

29. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny that they have no legal basis for withholding the records.

30. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

31. This paragraph repeats by reference the allegations in paragraphs 1-23; to the extent a response is deemed required, Defendants incorporate by reference their responses to paragraphs 1-23.

32. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant deny.

33. This paragraph repeats by reference the allegations in paragraphs 1-23; to the extent a response is deemed required, Defendants incorporate by reference their responses to paragraphs 1-23.

5

34. This paragraph contains conclusions of law to which no response is required.

35. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny.

The remaining paragraphs of the Complaint contain Plaintiff's requested relief, to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations contained in the remaining paragraphs of the Complaint and aver that Plaintiff is not entitled to any relief. Defendants also deny all allegations in the Complaint not expressly admitted or denied.

## **DEFENSE**

1. Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

THEREFORE, having fully answered, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and requests that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper.

Respectfully submitted,

CHAD A. READLER
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*s/Marcia K. Sowles*
MARCIA K. SOWLES
DC Bar No. 369455
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W. Room 7114
Washington, D.C. 20530
Tel.: (202) 514- 4960
Fax: (202) 616- 8470

E-mail: marcia.sowles@usdoj.gov

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2017 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notice of such filing to all parties.

*s/Marcia K. Sowles*
Marcia K. Sowles