# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ASSIA BOUNDAOUI, ) ) Plaintiff, ) ) v. ) ) FEDERAL BUREAU OF INVESTIGATION ) and UNITED STATES DEPARTMENT ) OF JUSTICE, ) ) Defendants. ) ) | Civil Action No. 17-CV-04782 The Honorable Thomas M. Durkin |

### DECLARATION OF PLAINTIFF ASSIA BOUNDAOUI IN SUPPORT OF HER OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I, ASSIA BOUNDAOUI, declare as follows under penalty of perjury:

1. I have personal knowledge of the facts stated in this declaration and could competently testify to them if called as a witness. I make this declaration in support of my Opposition to Defendants' Motion for Partial Summary Judgment.

2. I am an internationally recognized investigative journalist and documentary filmmaker. I grew up in Bridgeview, Illinois, a predominantly Arab and Muslim community subjected to years of FBI surveillance pursuant to the investigation code-named Operation Vulgar Betrayal ("OVB"). My documentary, *The Feeling of Being Watched,* focuses on this long-standing FBI presence in Bridgeview and its effects on its residents. Although my documentary has debuted and is currently screening throughout the country, my investigation into this matter is not over.

3. On September 26, 2016, I submitted the FOIA request that is the subject of the above-captioned proceeding. Attached hereto as Exhibit A is a true and correct copy of my request.

4. On September 30, 2016, I received an adverse determination notice from the Federal Bureau of Investigation ("FBI") denying my request for expedited processing of my FOIA request. Attached hereto as Exhibit B is a true and correct copy of the FBI's September 30, 2016 adverse determination notice.

5. On October 14, 2016, I received an adverse determination notice from the FBI denying my request for a fee waiver for my FOIA request. Attached hereto as Exhibit C is a true and correct copy of the FBI's October 14, 2016 adverse determination notice.

6. On November 10, 2016, I wrote to the FBI's FOIA Public Liaison Office requesting to speak to an agency representative about appealing the FBI's denial of my request for a fee waiver, or, in the alternative, amending the scope of my request in order to lower its cost. Attached hereto as Exhibit D is a true and correct copy of this communication.

7. The FOIA Public Liaison Office never responded to me.

8. On December 20, 2016, I wrote to the Work Process Unit of the FBI's Records Management Division, once again requesting to discuss "the scope of [my] request and duplication costs" with an agency representative. Attached hereto as Exhibit E is a true and correct copy of this communication.

9. The Records Management Division never responded to me.

10. On June 26, 2017, I filed the instant lawsuit to challenge the FBI's adverse determinations with respect to my requests for a fee waiver and expedited processing, and requesting that

the Government process all documents responsive to my September 26, 2016 FOIA request at an expedited rate.

11. The FBI first expressed their view that my request for files related to the investigation that continued the work of Operation Vulgar Betrayal (hereinafter, "Follow-up Investigation") did not "reasonably describe the records sought" in the opposition Defendants filed to my Motion to Compel Expedited Processing on September 22, 2017. ECF No. 37, at 8-10.

12. Notwithstanding the FBI's position, on September 26, 2017, this Court ordered the FBI to process "all remaining nonexempt documents responsive to Plaintiff's September 26, 2016, FOIA request" at the rate of 3,500 documents per month. Tr. 7:12-16, ECF No. 43. The Court also ordered the FBI to "give priority" to sub-files pertaining to individuals for whom I provided privacy waivers. *Id.*, 7:16-18.

13. To date, I have not received an adverse determination notice from either agency denying my FOIA request for "all files related to the investigation that continued the work of 265-CG-101492 in the 2000s."

14. On October 10, 2017, I provided the FBI with individual privacy waivers for 179 individuals, many of whom I have personal knowledge were interviewed by the FBI as part of Operation Vulgar Betrayal and its associated investigations. My family, including my mother, submitted waivers as part of this set.

15. To date, the FBI has not produced a single document concerning any of these individuals.

16. In July 2018, Defendants stated that they had concluded their production. Ex. F, Defendant's July 16, 2018 Production Cover Letter, at 2; ECF No. 56. Defendants took this position notwithstanding that the FBI had only processed documents responsive to file

265-CG-101942, which comprised only part of my FOIA request and only part of the Court-ordered production.

17. On June 7, 2019, Defendants filed a Motion for Partial Summary Judgment, arguing that they have no obligation to process the remainder of my FOIA request because it does not reasonably describe the records sought. ECF No. 80, at 2.

18. At the time I submitted my original FOIA request, I knew that, after Operation Vulgar Betrayal was officially closed, FBI surveillance of my community continued, and a related investigation (the Follow-up Investigation) ensued, for the reasons outlined in ¶¶ 20-24 below.

19. Because I understood that this second investigation, the Follow-up Investigation, was a top-secret FBI investigation, and unlike OVB, had never been made public via prior FOIA requests, it was impossible for me to provide further descriptive detail, such as file name or number. Apart from this inability, however, I had no reason to provide greater specificity because the Government did not object to any part of my FOIA request on vagueness grounds until a year after its submission.

20. Through personal experience and as part of my journalistic work, I came to learn that Muslims residing in Bridgeview, Illinois were the subjects of renewed FBI surveillance in the years 2001-2004. I interviewed many Bridgeview residents in connection with my documentary, dozens of whom recalled receiving FBI house-calls and being interviewed in their homes and workplaces in the years following the conclusion of Operation Vulgar Betrayal. Others were called to testify before federal grand juries. My own mother, Rabia Boundaoui, was interviewed by the FBI twice, once before August 2000 (when OVB closed), and once after. Both times, FBI agents interviewed her on the same topics: the

activities of Mohammed Salah and other neighbors, her donations to various local Islamic charities, and her involvement with and congregation at the Mosque Foundation.

21. On August 19, 2004, Mohammed Salah, a resident of Bridgeview and my upstairs neighbor, was indicted on terrorism-funding charges. Attached hereto as Exhibit G is a true and correct copy of the indictment in Mr. Salah's 2004 case, *United States v. Marzook*, No. 03-CR-978, (N.D. Ill. Aug. 27, 2004).

22. The *Marzook* indictment demonstrated to me that the investigation that led to Mr. Salah's arrest focused on the same alleged activities as did Operation Vulgar Betrayal because of its focus on the same alleged illegal activity and the same targets.

23. Operation Vulgar Betrayal is the only investigation identified by code-name in the public record. My research into the public record revealed a great deal of evidence to indicate that another investigation succeeded OVB after September 11, 2001. Attached hereto as Exhibits H, I, J, K, L, M, N, and O are a few publicly available articles that corroborate the existence of the Follow-up Investigation. For the Court's ease of reference, I have highlighted the relevant excerpts.

24. The Follow-up Investigation has not been cited publicly by name, case number, or any other identifying information that would have allowed me to describe my request with greater specificity. I characterized the Follow-up Investigation as a continuation of Operation Vulgar Betrayal because that is how it was portrayed by the media and how it was understood by the Muslim residents of Bridgeview, for whom there was no distinction between the long-standing surveillance into their lives carried out first through Operation Vulgar Betrayal and second, the Follow-up Investigation.

25. The Government has never asked me to clarify my FOIA request.

26. The Government has not afforded me the opportunity to clarify my FOIA request. This is the earliest opportunity I have had to provide them with the information declared in ¶¶ 20-24 and in the attached exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2019
       Bridgeview, Illinois

                                        /s/ Assia Boundaoui
                                        Assia Boundaoui