UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASSIA BOUNDAOUI, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:17-CV-04782 |
| ) | |
| v. ) | Honorable Thomas M. Durkin |
| ) | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, and UNITED STATES ) | |
| DEPARTMENT OF ) | |
| JUSTICE, ) | |
| Defendants ) | |
| ) | |

**OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER FOR TO SHOW CAUSE**

Defendants have fully complied with this Court's September 26, 2017 and May 8, 2019 Orders. Plaintiff's contention regarding the September 26, 2017 Order is based on a misreading of the order. Contrary to Plaintiff's claim, the order only required the Federal Bureau of Investigation ("FBI") to review and process the files for the criminal investigation code-named Operation Vulgar Betrayal ("OVB"), file number 265-CG-101942, and Defendants have completed the processing of those records. The FBI also complied with the obligations under that order with respect to individuals for whom Plaintiff submitted privacy waivers. Plaintiff's contention that Defendants violated the May 8, 2019 Order is likewise based on a misreading of the order and the context in which it was issued. Accordingly, Plaintiff's motion for an order to show cause should be denied.

**BACKGROUND**

On September 26, 2016, Plaintiff submitted a FOIA request to the FBI. Compl. ¶ 7, ECF No. 1. The correspondence between the FBI and Plaintiff made it clear that the only responsive

1

records identified by the FBI were the approximate 33,120 pages contained in the files for the criminal investigation code-named [OVB], 265-CG-101942. *See, e.g.* Decl. of David Hardy ("1st Hardy Decl.") ¶ 8 & Ex. D, ECF No. 35; Third Decl. of David Hardy (3d Hardy Decl.) ¶¶ 7-19. During the administrative process, Plaintiff never asserted that she sought records for any other investigation. Indeed, in her administrative appeal to the Office of Information Policy, Plaintiff's counsel referred to the request as a request for records concerning the Vulgar Betrayal investigation. *Id.* Ex. K (describing the FOIA request as a "request for records concerning the [FBI's] operation code named "Vulgar Betrayal").

On June 26, 2017, Plaintiff filed this suit seeking to compel the production of records responsive to her FOIA request. In the Initial Joint Status Report, Defendants stated that the investigative file for the OVB investigation consisted of approximately 33,120 pages, which were organized into main file volumes and subfiles. ECF No. 17 at 5-6 & n. 3. Defendants explained that certain main file volumes (approximately 2,100 pages) had been processed in response to a prior FOIA request submitted by another requester. *Id.* at 5. Defendants indicated that the FBI had begun processing the other main file volumes (which consisted of 1,649 pages) and that the FBI would process the subfiles after it had completed processing the main file volumes. *Id.* at 6-7. Although Plaintiff had not submitted any privacy waivers with her FOIA request, the FBI agreed to allow Plaintiff to submit privacy waivers. Second Joint Status Report, at 4, ECF No. 26.

The parties were unable to reach a mutually agreeable schedule for processing the records. Defendants filed a motion for an "*Open America* Stay," (ECF No. 30), and Plaintiff filed a motion to compel expedited processing of her request. ECF No. 33. In her motion, Plaintiff sought to compel expedited processing not only for the records contained in the investigative file

for the OVB investigation, but she also sought to compel the FBI to process "document pertaining to the investigation that preceded and followed [OVB]." Proposed Order, ECF No. 33-1 at 2. In their opposition, Defendants contended that there was no basis for Plaintiff's demand that the FBI process any records beyond those contained in the OVB file. *See* ECF No. 37 at 8-10. Defendants argued that although her initial request did contain a vague reference to "all files related to the intelligence investigation associated with [OVB]" and "all files related to the investigation that continued the work of 265-CG-101942 in the 2000's," such requests do not reasonably describe the records sought, as required by 5 U.S.C. § 552(a)(3)(A), and that issue should be addressed in the context of a motion for summary judgment. *Id.*

On September 26, 2017, this Court entered an order requiring Defendants to review and produce the non-exempt portions of volumes 1-5 and 5a (approximately 1,649 pages) by October 16, 2017, and to review the remaining pages on a rolling basis of 3,500 pages per month beginning with the month of October 16, 2017, to November 16, 2017. *See* ECF No. 40.[1] In its order, the Court explicitly stated "[t]o the extent, plaintiff seeks to challenge the FBI's search identifying 33,120 pages of relevant documents involving the [OVB] criminal investigation and seeks review of documents beyond those identified documents, that issue . . . should be addressed in the context of a motion for summary judgment." *Id.* The Court also required the FBI to give priority to any sub-files of the individuals for whom Plaintiff provided privacy waivers. *Id.*

Pursuant to that order, the FBI produced the non-exempt portions of main volumes 1 to 5 and 5(a) on October 16, 2017. ECF No. 44. Beginning in November 2017, FBI made monthly

---

[1] At various places in her briefs, Plaintiff incorrectly states that the order required the FBI to process at "the rate of 3,500 documents," instead of 3,500 pages. *See* ECF No. 100 at 1, 3.

3

rolling productions for the remaining pages in the file number 265-CG-101942, releasing some records in whole or in part and withholding other records in full. *See* ECF Nos. 45-48, 50-51, 54-58, 60, 66-67, 70.[2] In its release dated November 16, 2017, the FBI explained that it had compared the names of the sub-files with the names of the individuals submitting privacy waivers and found no matches. ECF No. 46, ¶ 3. In June 2018, the FBI completed processing the records located in file number 265-CG-101942 with three exceptions: (1) the additional volumes of sub-file R4, which had not been located in its initial search and had been recently located, (2) main file volumes that had been previously processed to another requester in 2012 and that on May 23, 2018, Plaintiff had requested FBI to reprocess, (3) the records for which the FBI was required to consult with other government agencies. ECF No. 55, ¶ 3. The FBI produced the non-exempt portions for the last two categories in its July 2018 release and continued to provide further responses as it received the consultation responses from the other agencies. *See* ECF No. 56, ¶ 3; Second Decl. of David Hardy (2d Hardy Dec.) ¶¶ 6-7, ECF No. 94-1.[3]

Pursuant to the Court's order dated April 29, 2019, the parties submitted a report outlining the areas of dispute regarding Defendants' production: (1) whether Defendants had met their obligation to review and process records in response to Plaintiff's FOIA request, and (2) whether Defendants had improperly withheld information regarding individuals who submitted

---

[2] On October 12, 2017, Plaintiff's counsel sent the FBI a package containing privacy waivers for 179 individuals. 2d Hardy Decl. ¶ 34. In processing the records, the FBI did not protect any of these individuals' names pursuant to privacy concerns (Exemptions 6 and 7C). *Id.* ¶¶ 36-37.

[3] FBI subsequently located and processed two other records in response to the request for records in the OVB investigation. The FBI identified and withheld five audio tapes. ECF No. 57, ¶ 2. The FBI also processed the related FBI file 272B-CG-11258 (ECF No. 58, ¶ 2), which "mirrored" the OVB investigation. 2d Hardy Decl. ¶ 33.

privacy waivers. ECF No. 75. In the joint report, Defendants stated that, "[t]o the extent that Plaintiff seeks records for unidentified investigations that she speculates somehow 'continued the work of 265-CG-101942," the request does not reasonably describe the records sought as required by 5 U.S.C. § 552(a)(3)(A) and cited to their prior brief (ECF No. 37) on that issue. ECF No. 75 at 5. Citing to this Court's prior order (ECF No. 40), Defendants further stated that the issue should be addressed in the context of a motion for summary judgment and that they intended to move for partial summary judgment on that issue.

On May 8, 2019, this Court held a status conference. At the status conference, Plaintiff's counsel stated that Plaintiff's request for "files related to the investigation that continued the work of 265-CG-101942" was based on Plaintiff's belief that the name of the OVB investigation "was changed" and the investigation was "reopened under another name." May 8, 2019 Tr. at 17:2-3, ECF No. 78. Based on that characterization of the request, this Court ordered the FBI to submit a declaration addressing Plaintiff's claim that the OVB was reopened under a different name. *Id.* at 23:17-18. The Court also issued an order stating that "all agencies must have completed their review of the documents for exemptions by June 7, 2019." ECF No. 77.

On June 7, 2019, Defendants filed a motion for partial summary judgment on the issue of whether the FBI had met its obligation to search for records in response to Plaintiff's FOIA request. ECF No. 79. On August 7, 2019, Plaintiff filed a motion for an order to show cause alleging that defendants had violated the this Court's September 26, 2017 and May 8, 2019 Orders. ECF No. 99.

## LEGAL STANDARD

To hold a party in contempt, the complaining party must prove all of the following elements: "(1) the Order sets forth an unambiguous command; (2) [defendant] violated that

command; (3) [defendant's] violation was significant, meaning it did not substantially comply with the Order; and (4) [defendant] failed to take steps to reasonably and diligently comply with the order." *Prima Tek II, L.L.C. v. Klerk's Plastic Industries, B.V.*, 525 F.3d 533, 542 (7th Cir. 2008). The party moving for contempt bears the burden of establishing these elements by clear and convincing evidence. *Id.*; accord *Stotler & Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *Lewitton v. ITA Software, Inc.,* No. 07-4210, 2010 WL 4930851 (N.D. Ill. Nov. 30, 2010).

## ARGUMENT

### I. Defendants Complied with the Court's September 26, 2017 Order.

#### A. Defendants Complied with the Processing Requirements Set Forth in the Order by Processing the Files for the Criminal Investigation Code-Named OVB.

Plaintiff's claim that Defendants have not complied with the processing requirements set forth in this Court's September 26, 2017 Order is predicated on a misreading of that order. Contrary to Plaintiff's claim, the order did not require FBI to conduct a search for and process documents responsive to the portions of her request seeking "all files related to the intelligence investigation associated with [OVB]" and "all files related to the investigation that continued the work of 265-CG-101942 in the 2000's." Instead, the language of the order makes it clear that the Court rejected Plaintiff's request for such relief and instead ordered FBI to process the approximate 33,120 pages of records that FBI had identified as contained in the file for the criminal investigation for OVB, file number 265-CG-10192. *See supra* at 3. Indeed, the order explicitly stated, "[t]o the extent, plaintiff seeks to challenge the FBI's search identifying 33,120 pages of relevant documents involving the [OVB] criminal investigation and seeks review of documents beyond those identified documents, that issue . . . should be addressed in the context of a motion for summary judgment." ECF No. 40. The Court's statements at the status conference track the language in its written order: "To the extent plaintiff seeks to challenge the

6

FBI's search identifying 33,120 pages of relevant documents involving [OVB] criminal investigation and seeks review of documents beyond those identified, the Court finds that issue likewise should be addressed in the context of a motion for summary judgment." Sept. 26, 2017 Tr. 7:23-8:3, ECF No. 43.

The record demonstrates that the FBI has complied with the requirement that the FBI processed the approximate 33,120 pages in the file number 265-CG-101942. *See* 2d Hardy Decl., ¶¶ 5-7, 38; 3d Hardy Dec. ¶¶ 5-6. The FBI reviewed and processed the pages in the OVB file at the rate of 3,500 pages until June 2018, when it completed processing of all of the records in the OVB file with three exceptions: (1) the additional volumes of sub-file R4, which had not been located in its initial search and had been recently located, (2) main file volumes that had been previously processed to another requester in 2012 and that on May 23, 2018, plaintiff had requested FBI to reprocess, (3) the records for which the FBI for which was required to consult with other government agencies. ECF No. 55, ¶3. The FBI produced the non-exempt portions of the first two categories in its July 2018 release, ECF No. 56, and continued to provide further responses as it received the consultations responses from the other agencies, completing those productions on June 14, 2019. 2d Hardy Decl. ¶¶ 6-7; June 20, 2019 Tr. at 6:11-18, ECF No. 88. In short, there are no more records in the OVB file to process.

Accordingly, there is no basis for finding that the FBI has failed to comply with the processing requirements set forth in the September 26, 2017 Order. The FBI completed that the processing for the records in the OVB file, 265-CG-101942, and those were the only records that the FBI was required to process under the order.

**B. Defendants Satisfied Their Obligation under the Order with Respect to the Individuals for Whom Plaintiff Submitted Privacy Waivers.**

Plaintiff's contention that Defendants have violated the September 26, 2017 Order with respect to the individuals for whom plaintiff submitted privacy waivers also has no merit. The order required the FBI to "give priority to the sub-files of individuals for whom Plaintiff provided privacy waivers . . . on or before October 16, 2017." ECF No. 40. This requirement was predicated on Plaintiff's speculation that some of the sub-files in the OVB investigation, file number 265-CG-101942, were related to some of the individuals for whom Plaintiff would submit privacy waivers. But, as the record shows, there were no such sub-files. As explained in its production letter dated November 16, 2017, the FBI compared the names of the individuals submitting privacy waivers with the subjects in the sub-files in OVB investigation and found no matches. 2d Hardy Decl., Ex. A at 29; *see also* ECF No. 45, ¶ 3; ECF No. 46, ¶ 3b. Because the FBI found no matches, the FBI was not required to give priority to any particular sub-files.

Moreover, the FBI properly utilized and considered the privacy waivers as it reviewed and processed the records in the file. 2d Hardy Decl. ¶¶ 34-37. The FBI provided the names of the individuals submitting privacy waivers to the FOIA analysts reviewing the records in the form of a multi-user spreadsheet. *Id.* ¶ 35. Each time an analyst came across the name of an individual during his/her page by page, line by line review of a record, the analyst would check the list to determine if the name appeared on the list to ensure that the names were not withheld for privacy reasons under Exemption 6 or 7(C). *Id.* ¶ 37.[4] In addition to this manual review, in an effort to

---

[4] The submission of a privacy waiver does not automatically entitle an individual to all records pertaining to that individual, because the records or portions of records may be subject to protection under other provisions of FOIA. Revealing any further information regarding whether these names were withheld pursuant to other exemptions in any responsive records and if so the identity of those records would present harms protected by those other exemptions.

8

resolve Plaintiff's concern that the FBI may have withheld the names of one or more of the individuals submitting privacy waivers, the FBI took the extraordinary step of conducting an electronic search of the processed records for the names of the specified individuals. ECF No. 75 at 6. The electronic search verified that the FBI did not protect any of these individuals' names pursuant to privacy concerns. *Id.* Finally, in a further effort to resolve plaintiff's concern, the FBI provided Plaintiff's counsel with a list of the names used by FBI to verify that the FBI was using the correct names and birthdates for the individuals.[5] On May 13, 2019, Plaintiff's counsel provided a typed list correcting some of the names. 2d Hardy Decl. ¶ 37. The FBI conducted another electronic search of the processed records using the correct spellings provided in Plaintiff's typed list. *Id.* This search again verified that the FBI had not withheld the names of any of the individuals based on privacy concerns. *Id.* In short, the FBI has checked the records three times to ensure that it had not withheld the names of any of the individuals on privacy grounds: one manually and twice electronically. The declaration of Mr. Hardy must be accorded "a presumption of good faith" and cannot be rebutted by speculative claims. *SafeCard Servs. v. SEC,* 926 F.2d 1197, 1200 (D.C. Cir. 1991). *Accord Henson v. HHS,* 892 F.3d 868, 875 (7th Cir. 2018) ("Good faith in presumed").

    Plaintiff's claim that the FBI has improperly withheld records is based on her speculation that the FBI has "files related to at least some of these individuals in the context of [OVB] and its associate investigations." Pl's. Mem. in Support of Mot. to Show Cause ("Pl's. Mem.") at 7, ECF No. 100. Plaintiff asserts that she has "personal knowledge" that "many" of the 179 individuals for whom she submitted privacy waivers "were interviewed by the FBI as part of

---

[5] When Plaintiff's counsel submitted the privacy waivers forms to the FBI, she did not provide a typed list of the individuals. 2d Hardy Decl. ¶ 35. The names on the forms were handwritten. *Id.*

[OVB] and its associated investigation." Decl. of Assia Boundoui ("Boundaoui Decl.") ¶ 14, ECF No. 104.[6] Based on that assertion, she alleges that "[t]he Government's failure to produce even one page for any of these individuals suggests that: (1) the Government's search was inadequate; (2) the relevant documents are filed with the record of the Follow-Up Investigation, and not OVB; or (3) all of the responsive files have been withheld pursuant to an exemption." Pl.'s Mem. at 7.

Contrary to Plaintiff's suggestion, the failure to produce any records regarding any of these individuals does not raise questions regarding Defendants' compliance with the September 26, 2017 Order. First, even if one assumes that some individuals who submitted privacy waivers may have been interviewed by the FBI, it does not establish they were interviewed as part of the OVB investigation. They may have been interviewed in an entirely different investigation. Plaintiff has not raised any arguments suggesting that FBI did not conduct a reasonable search for the records in the OVB file. *See* Defs.' Reply in Support of Mot. for Partial Summ. J. at 2-3. Second, to the extent she speculates that records regarding such interviews may be contained in another investigation, her claim is predicated on the assumption that the FBI was required to search for other files. But that assumption ignores the fact that Plaintiff's request for "files related to an investigation that continued the work of 265-GC-101942" fails to reasonably describe the records sought. *Id.* And, as explained *supra* at 6-7, the Court's September 26, 2017 Order did not require the FBI to search for and review any files other than the OVB file. Finally, to the extent that she asserts that the FBI has improperly withheld records regarding these

---

[6] Other than her mother, who Plaintiff asserts was interviewed by the FBI twice (*id.* ¶ 20), she does not identify any person who she claims was interviewed by the FBI. Nor does she explain the basis for her statement that she "has personal knowledge" of the interviews. Indeed, it is difficult to understand how she could have "personal knowledge" of any such interviews because it would not be standard FBI practice for a third party to be present during such an interview.

individuals pursuant to exemptions, that issue is premature. As Plaintiff acknowledges, Defendants are not seeking summary judgment on the issue of whether any withheld records are justifiably exempt from disclosure. Pl.'s Opp'n. to Defs.' Mot. for Partial Summ. J. at 6 n.2, ECF No. 95.

In short, there is no basis for finding Defendants in contempt with respect FBI's utilization of the privacy waivers. As Mr. Hardy explained in his declaration, the FBI has reviewed the records in the OVB file both manually and twice electronically to verify that it did not withhold the names of any of these individuals on the basis of privacy concerns. 2d Hardy Decl. ¶¶ 34-38. To the extent Plaintiffs believes that the names of the individuals may appear in another file, the issue is irrelevant because the September 26, 2017 Order did not require Defendants to search for any other files. ECF No. 40.

## II. Defendants Complied with the May 8, 2019 Order Regarding Submission of a Declaration

Plaintiff's claim that defendants violated the May 8, 2019 Order is predicated on the assumption that the order set forth an unambiguous command to answer the question of whether or not there are files related to "the investigation that continued the work of 265-CG-101942." Pl. Mem. at 8. This reading of the Court's order, however, ignores the fact that Defendants had repeatedly argued that Plaintiff's request for records for an alleged, unidentified "investigation that continued the work" of the OVB investigation failed to reasonably describe the records sought, as required by 5 U.S.C. § 552(a)(3)(A). *See* ECF No. 37 at 8-10; ECF No. 73 at 5; ECF No. 75 at 5. In other words, Plaintiff's reading of the order begs the fundamental question of whether the phrase "the investigation that continued the work of 265-CG-10142" is too vague. In short, Plaintiff seeks to interpret the Court's order as if the Court rejected Defendants' argument on this issue without providing Defendants an opportunity to brief the issue.

In a good faith effort to comply with the order, without waiving their argument that Plaintiff's request does not reasonably describe the records sought, Defendants relied upon the interpretation of the request offered by Plaintiff's counsel at the status conference.[7] At the status conference, Plaintiff's counsel explained that the request for files related to an alleged investigation that purportedly "continued the work of 265-CG-101942" was based on Plaintiff's belief that the name of the OVB investigation "was changed" and "it was reopened under another name." May 8, 2019 Tr. at 17:2-4. To clarify, Judge Durkin asked, "[s]o the 265-CG-101942 number was changed?" *Id.* 17:7. Plaintiff's counsel responded: "That is – that is our understanding, your Honor. And so, quite simply, she had to word it that way." *Id.* 17:8-9. Plaintiff's counsel explained: "[W]e're not asking the government to go on a wild goose chase. Quite simply, that *same* investigation was reopened under another name in 2000s is our understanding." *Id.* at 18:22-24. Based on that characterization of the request, defendants submitted declarations that addressed the issue of whether the OVB investigation was reopened under a different name. *Id.* at 23:17-18. Declaration of Daniel R. William ¶¶ 2-4, ECF No. 80-1; 2d Hardy Decl. ¶¶ 22-23, 33 n.12.

Although Defendants' declarations responded to the specific explanation that Plaintiff offered the Court at the status conference as to what Plaintiff meant by the language "the investigation that continued the work of 265-CG-101942," Plaintiff now criticizes the FBI's declarations as not being responsive. Pl.'s Mem. at 8. Plaintiff now contends that she "does not

---

[7] Plaintiff tries to argue that by attempting to answer the question posed by the Court, Defendants have conceded that Plaintiff's FOIA request reasonably described the record sought. Pl. Mem. at 8 n.4. This claim has no merit. The determination of whether a request reasonably describes the records sought should be judged by "four corners of the request." *Kowalczyk v. U.S. Dep't of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996) (an agency is not "obliged to look beyond the four corners of the request for leads to the location of responsive documents").

12

contest that [OVB] was closed or that it has remained closed." *Id.* at 9. Despite the statements by her counsel at the status hearing, she now asserts that "her FOIA submissions requests related to a *different* investigation that continued the work of, and followed [OVB], even if Vulgar Betrayal had not been 'reopened, consolidated, or assigned a new case file number.'" ECF No. 95 at 7.

In short, there is no basis for finding Defendants in contempt. Defendants made a good faith attempt to comply with the May 8, 2019 Order based on the explanation offered by Plaintiff's counsel at the status conference as to what Plaintiff meant by the term "continued the work of 265-CG-101942." The fact that Plaintiff has changed her own interpretation of what she meant by the request underscores the vague and imprecise nature of the request.

### III. Plaintiff Has Not Made the Strong Showing Required to Obtain Discovery.

In her motion to show cause, Plaintiff requests the Court to defer consideration of the motion for partial summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure and order Defendants to produce Special Agent William and Mr. Hardy for depositions. ECF No. 100 at 9-11. Because she relies upon Rule 56(d), Defendants addressed this argument in their reply in support of the motion for partial summary judgment. As explained in that brief, Plaintiff has not made the strong showing required to justify deferring consideration of defendants' motion for partial summary judgment under Rule 56(d).[8] *See* Reply in Supp. of Mot. for Partial Summ. J. at 10-12. To prevail, a party must submit an affidavit stating which "outlines[s] the particular facts [she] intends to discover and describe why those facts are necessary to the litigation." *U.S. ex rel Folliard v. Gov't Acquisitions, Inc.,* 764 F.3d 19, 26 (D.C. Cir. 2014;

---

[8] Rule 56(d) "carries forward without substantial change the provisions of former subdivision (f). Fed. R. Civ. P. 56 advisory committee's notes to 2010 Amendments.

13

*accord United States. v. On Leong Chinese Merchants Ass's Bldg*., 918 F.2d 1289, 1295 (7th Cir. 1990) (discovery denied where party fails to specify what information it expects to gain at the depositions and how that evidence will rebut the government's case). Moreover, contrary to plaintiff's suggestion, "discovery is an extraordinary procedure in a FOIA action." *Thomas v. HHS,* 587 F. Supp. 2d 114, 115 n.2 (D.D.C. 2008). FOIA actions "are typically resolved without discovery on the basis of the agency's [declarations]," and "discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *CareToLive v. FDA,* 631 F.3d 336, 345 (6th Cir. 2011) (quoting *Carney v. U.S. Dep't of Justice,* 19 F.3d 807, 812 (2d Cir. 1994)).

In this case, Plaintiff has not met the standard required to obtain discovery. Plaintiff has failed to identify any additional facts she needs or expects to gain in the proposed depositions. Instead, she simply makes the vague assertion that the depositions will address the topics covered by their declarations. Pl.'s Mem. at 10. Indeed, there is no basis for discovery in this case. As explained above, the declaration of Mr. Hardy describes in detail the search conducted by the FBI to locate and process the OVB. Plaintiff has not challenged the FBI's search for the OVB files. Instead, her claim is that Defendants "have not fulfilled their obligation to conduct a reasonable search for files relating to the investigation that continued the investigative work of [OVB]." ECF No. 95 at 6. But that claim begs the question of whether her request for the files relating to the investigation that allegedly continued to the work of OVB reasonably describes the records sought, as required by 5 U.S.C. § 552(a)(3)(A). The issue of whether that portion of Plaintiff's request meets that statutory standard is a legal issue. Plaintiff has not identified any facts that she expects to gain in deposing Mr. Hardy or Special Supervisory Agent Williams, much less shown that those facts are material to the resolution of the legal issue. In short,

14

Plaintiff's request for discovery is nothing more than a fishing expedition. As courts have recognized, discovery is not permissible in a FOIA case when it "would only . . . afford [the plaintiff] an opportunity to . . . 'impugn the agency's affidavits.'" *Military Audit Project,* 656 F.2d at 751-53 (quoting *Founding Church of Scientology v. NSA,* 610 F.2d 824, 836-37 n.101 (D.C. Cir. 1979); *accord Kay v. FCC,* 976 F. Supp. 23, 34 n.35 (D.D.C. 1997), aff'd, 172 F.3d 919 (D.C. Cir. 1998).

In sum, contrary to Plaintiff's assertion, there is no basis for deferring consideration of Defendants' motion for partial summary judgment.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for an order to show cause should be denied.

    Respectfully submitted,

    JOSEPH H. HUNT
    Assistant Attorney General

    ELIZABETH J. SHAPIRO
    Deputy Branch Director

    s/Marcia K. Sowles
    MARCIA K. SOWLES
    DC Bar No. 369455
    Senior Trial Counsel
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street N.W. Room 11028
    Washington, D.C. 20005
    Tel.: (202) 514- 4960
    Fax: (202) 616- 8470
    E-mail: marcia.sowles@usdoj.gov

    Attorneys for Defendants